IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-036-RAW |
| ) | |
| CHASE LANE ROCHA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter came on for pretrial conference on August 24, 2023. This order memorializes the court's rulings.

The defendant filed a motion in limine (#53) regarding the government's notice of intent to use evidence (#45). The focus is on two units of evidence. In the first, the government intends to show that after the alleged shooting, defendant fled the scene and discarded the firearm allegedly used in the shooting.

In applying Rule 404(b) F.R.Evid., the Tenth Circuit distinguishes between evidence that is extrinsic or intrinsic to the charged crime. *United States v. Durham,* 902 F.3d 1180, 1224 (10th Cir.2018). Rule 404(b) prohibits evidence of "other acts," but this rule does not cover evidence that is considered intrinsic to the charged crime. *Id.* Evidence is intrinsic when it is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. *Id.* In other words, evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of single criminal episode or the other acts were necessary

preliminaries to the crime charged. *United States v. Murry,* 31 F.4th 1274, 1290 (10th Cir.2022).

This court found the evidence regarding flight and the firearm to be intrinsic evidence. (Defendant objects to instructing the jury on flight [*see* #47]. That decision will be made as the final instructions are drafted.) Intrinsic evidence is still subject to exclusion under the balancing test of Rule 403. *United States v. Irving,* 665 F.3d 1184, 1213 (10th Cir.2011). The court finds that the probative value of this evidence unit is not substantially outweighed by a danger of unfair prejudice or the other reasons listed in the Rule. Therefore, the evidence will be admitted.

The second unit of evidence is a recorded phone call on February 2, 2023 between A.E. (defendant's girlfriend) and defendant. A.E. expressed the thought that she missed defendant's mother (the victim in this case). Defendant responded that he did not know why A.E. missed his mother and that his mother had "started all that s\*\*t." The court ruled that the phone call was not intrinsic evidence and was not offered for a distinct proper purpose. Moreover, the phone call is unfairly prejudicial because it simply portrays the defendant as unfeeling. This evidence will be excluded.

Also addressed was the government's motion (#50) to limit expert testimony of Robert Francis, the defendant previously filing notice of the same (#46). The government requested that the court limit the expert's testimony concerning the subject firearm to identification of its type, make, and model, along with his personal observations and testing results. The court

overruled the objection and found that the expert could also testify on the subject of comparative "trigger pull" between the subject weapon and other similar firearms.

Finally, a discussion was had regarding both hearsay and the rule of completeness, as raised in the government's trial brief (#40). The government may seek to introduce portions of a recorded statement the defendant made following the alleged crime. Rule 801(d)(2) F.R.Evid. excludes from the definition of hearsay statements by a party-opponent. This Rule, however, does not permit the admission of self-serving, exculpatory statements made by a party and offered by that same party. *See United States v. Larsen,* 175 Fed.Appx. 236, 241 (10th Cir.2006).

On the other hand, Rule 106 F.R.Evid. provides that if all or part of a statement is admitted, the adverse party may require the introduction of any other part – or any other written or recorded statement – that in fairness ought to be considered at the same time. Contrary to what appears to be the government's position, "[t]his fairness principle can override the rule excluding hearsay." *United States v. Harry,* 816 F.3d 1268, 1279-80 (10th Cir.2016).

Courts have "enormous discretion" is applying the rule of completeness. *Id.* at 1280. In determining whether defendant's hearsay statements "in fairness ought to be considered," the court considers whether those statements (1) explain the admitted evidence; (2) place the admitted evidence in context; (3) avoid misleading the jury, and (4) ensure a fair and impartial understanding of the admitted evidence. *See United States v. Lopez-Medina,* 596

F.3d 716, 735 (10th Cir.2010). The court raised concerns about two specific "snippets" the government seeks to introduce. The parties advised they would confer on the topic generally. The court advised it had listened to the entire recorded statement was well as the proffered snippets. Perhaps the parties can announce a resolution prior to the commencement of trial.

It is possible that the trial of this matter will be conducted by another United States District Judge. Of course, "[s]ome limine rulings, like those involving balancing under Federal Rule of Evidence 403, are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in at trial. Thus, a court's limine rulings are subject to change as the case unfolds or at the Court's discretion." *Smith v. Healthworks Med. Grp.,* 2020 WL 4939171, *1 (W.D.Okla.2020).

It is the order of the court that the motion of the defendant (#53) in response to the government's notice (#45) is granted in part and denied in part as described above.

The government's motion to limit expert testimony (#50) is denied.

**ORDERED THIS 28th DAY OF AUGUST, 2023.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma